UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| 360 Energy Solutions, Inc.,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>Ryan Hanson,<br><br>　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff 360 Energy Solutions, Inc., for its Complaint against Defendant Ryan Hanson, states and alleges as follows:

## PARTIES

[¶1]　Plaintiff 360 Energy Solutions, Inc. ("360 Energy") is a corporation organized under the laws of the State of Minnesota with its principal place of business located in Lake Shore, Minnesota.

[¶2]　Defendant Ryan Hanson is a resident of Grafton, North Dakota. On information and belief, at all times relevant to this Complaint, Ryan Hanson was a member and/or employee of Kieley Electric, LLC, a North Dakota limited liability company.

## JURISDICTION AND VENUE

[¶3]　This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff 360 Energy Solutions, Inc. is a Minnesota corporation with its principal place of business in Minnesota, and Defendant Ryan Hanson is a citizen of North Dakota.

1

[¶4]    Moreover, there is a pending federal case arising out of a similar set of facts and transactions. Namely, *Kieley Electric, LLC v. 360 Energy Solutions, Inc.*, U.S. District Court for the District of North Dakota File No. 3:25-cv-00118-PDW-ARS.

[¶5]    360 Energy is not intending to split its cause of action or otherwise seek duplicate relief. Instead, it is 360 Energy's intention to hold Ryan Hanson and Kieley Electric jointly and severally liable for the conduct described in this Complaint.

## FACTUAL ALLEGATIONS

[¶6]    360 Energy is a reputable and experienced contractor specializing in project estimating, energy systems, and construction coordination. It has been operating for over twenty years and has successfully completed hundreds of projects.

[¶7]    In or around April 2024, 360 Energy retained Kieley Electric, an electrical subcontractor, to perform work for a commercial project located at the Hugo's grocery store in Grafton, North Dakota (the "Project").

[¶8]    On information and belief, Ryan Hanson was the sole owner and representative of Kieley Electric at the time 360 Energy retained the company.

[¶9]    360 Energy intended to enter into a written contract with Kieley Electric for its portion of the Project, but Kieley Electric refused and instead performed the work on a time and materials basis.

[¶10]   Based on its experience and analysis, 360 Energy estimated Kieley Electric's work would cost approximately $50,000.

[¶11]   After completing the work, Kieley Electric submitted an invoice for approximately $175,000—more than three times the estimated amount.

[¶12] 360 Energy disputed the invoice and attempted to resolve the discrepancy professionally.

[¶13] Upon learning of the dispute, Ryan Hanson became upset and told 360 Energy representatives they were "dishonest people" who should be "ashamed of [themselves]," and that he would be "talking with Hugo's owners."

[¶14] On information and belief, in or around late August 2024, Ryan Hanson contacted representatives of Hugo's directly and referred to 360 Energy as "a bunch of crooks" and "scam artists," or words to that effect.

[¶15] These statements were false, defamatory, and made with actual malice or reckless disregard for the truth.

[¶16] 360 Energy has never engaged in fraudulent conduct and has maintained a reputation for accurate estimates and reliable performance.

[¶17] The defamatory statements were not privileged and were made to harm 360 Energy's business reputation and interfere with its contractual relationships.

[¶18] The defamatory statements were especially ironic given that during discussions to address Kieley Electric's invoices, Ryan Hanson told 360 Energy to just "present the invoices" to Hugo's and "they would be paid." The implication of the conversation was that Hugo's would not have the knowledge or experience to recognize that the invoices were excessive and that 360 Energy and Kieley Electric could essentially resolve their dispute by passing the cost off to Hugo's, regardless of the reasonableness of the invoices, which is fraudulent conduct itself. 360 Energy would not acquiesce to such a scheme and instead did what was the honest and responsible thing to do – it paid Kieley Electric what it viewed as the reasonable costs of its work (i.e. apx. $50,000) and refused to pass on excessive costs to Hugo's.

[¶19]   Despite 360 Energy's efforts to do the right thing and conduct business honestly and in a responsible manner, as a direct result of Ryan Hanson's false statements, the project owner withheld payment of 360 Energy's invoice and ceased doing business with 360 Energy.

[¶20]   360 Energy has suffered damages—including reputational harm, lost revenue, and loss of future business opportunities—in excess of $75,000.

## CLAIMS FOR RELIEF

### COUNT I
### DEFAMATION (BUSINESS DISPARAGEMENT)

[¶21]   Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

[¶22]   Defendant Ryan Hanson made false, unprivileged, and defamatory statements about 360 Energy to third parties.

[¶23]   The statements were made with knowledge of their falsity or with reckless disregard for the truth.

[¶24]   The statements were intended to and did harm 360 Energy's business reputation and relationships.

[¶25]   As a result, 360 Energy suffered damages in excess of $75,000.

### COUNT II
### TORTIOUS INTERFERENCE WITH CONTRACT

[¶26]   Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

[¶27]   360 Energy had a contractual relationship with the project owner related to the Project.

[¶28]   Defendant was aware of this relationship and intentionally interfered by making false and disparaging statements.

[¶29]   The interference caused the project owner to withhold payment and terminate future business dealings.

[¶30]   360 Energy has suffered damages in excess of $75,000.

## COUNT III
## TORTIOUS INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

[¶31]   Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

[¶32]   360 Energy had a reasonable expectation of continued work with the project owner.

[¶33]   Defendant's false statements and misconduct intentionally and improperly interfered with that expectation.

[¶34]   As a result, 360 Energy has suffered damages in excess of $75,000.

[¶35]   **WHEREFORE**, Plaintiff 360 Energy Solutions, Inc. respectfully requests the Court enter judgment in its favor and against Defendant Ryan Hanson, or otherwise grant the following relief, as follows:

[¶36]   1.   That in accordance with Rule 42(a) of the Rules of Civil Procedure, that his matter be consolidated with *Kieley Electric, LLC v. 360 Energy Solutions, Inc.*, U.S. District Court for the District of North Dakota File No. 3:25-cv-00118-PDW-ARS;

[¶37]   2.   That Kieley Electric, LLC and Ryan Hanson be found jointly and severally liable for the conduct complained of in this Complaint;

[¶38]   3.   For an award of damages in an amount in excess of $75,000;

[¶39]   4.   For leave to amend to seek punitive damages as appropriate;

[¶40]   5.   For prejudgment interest, costs, and disbursements as allowed by law; and

[¶41]   6.   For such other and further relief as the Court deems just and equitable.

Dated: September 3, 2025.

          */s/ James A. Teigland*
James A. Teigland (ND ID 07895)
FREMSTAD LAW FIRM
P.O. Box 3143
Fargo, North Dakota 58108-3143
Phone: (701) 478-7620
james@fremstadlaw.com
ATTORNEYS FOR PLAINTIFF